UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-2975-DMG (MARx) | Date | October 23, 2024 |
|---|---|---|---|
| Title | *Richard Agay, et al. v. UBS Financial Services Inc., et al.* | Page | 1 of 6 |

Present: The Honorable  DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER GRANTING MOTION TO REMAND [28] AND DENYING MOTION TO DISMISS [30] AND REQUEST FOR RULING [42] AS MOOT**

    Plaintiffs Richard and Arline Agay, individually and as trustees of the Agay Trust, bring suit against Defendants UBS Financial Services and Gregory Geller. Before the Court is Plaintiffs' motion to remand ("MTR") [Doc. # 28] and UBS's motion to dismiss ("MTD") [Doc. # 30]. For the reasons set forth in this Order, the Court **GRANTS** the motion to remand and **DENIES** the motion to dismiss as moot.

# I.
# BACKGROUND

    On March 7, 2024, Plaintiffs filed their complaint in Los Angeles County Superior Court. [Doc. # 1.] They brought claims for negligence, breach of fiduciary duty, elder abuse, fraud, and bad faith. They also incorporated class action allegations on behalf of other UBS customers.

    Plaintiffs allege they had seven UBS accounts and Geller was their financial advisor. *Id.* ¶ 7. They purchased First Republic Bank preferred stock on May 2 and October 7, 2019, allegedly based entirely on Geller's advice and for a total purchase price of approximately $200,000. *Id.* ¶¶ 11, 13. UBS failed to inform Plaintiffs of subsequent indications First Republic was in "dire straights [sic]," including when First Republic announced it would not pay dividends on common stock and then on preferred stock. *See id.* ¶¶ 17, 19, 20–22. Plaintiffs learned of the decision to suspend dividends on their stock only in May 2023, when regulators seized First Republic, sold its assets, and rendered their stock all but worthless. *Id.* ¶ 21–22. Plaintiffs allege that had they learned of First Republic's March 16, 2023 decision to suspend its next common stock dividend, they would have sold their preferred stock for its value at that time, $120,000. *Id.* ¶ 23. They also allege that they should have been warned that they had an "over concentration" in First Republic stock (*id.* ¶ 44) and that UBS falsely represented the yields on certain treasury bills they purchased for a total of approximately $119,000. *Id.* ¶¶ 46–50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-2975-DMG (MARx) | Date | October 23, 2024 |
| Title | *Richard Agay, et al. v. UBS Financial Services Inc., et al.* | Page | 2 of 6 |

UBS removed the case to this Court on April 12, 2024, on the basis of the Court's diversity jurisdiction and because the complaint incorporated class action allegations involving a covered security under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). [Doc. # 2.]

Plaintiffs amended their complaint on April 17, 2024. First Amended Complaint ("FAC") [Doc. # 16]. The FAC continues to allege that UBS failed to inform them of the suspension of First Republic's common stock dividend, which caused them to wrongfully hold their preferred shares rather than sell. The FAC differs from the original complaint, however, in that it adds Defendant Greg Geller (allegedly a California citizen) as a defendant and it dispenses with class action allegations as related to the claims arising from its purchase of First Republic preferred stock. Plaintiffs continue to incorporate class action claims as to their allegations of false advertising/misrepresentations related to the treasury bills. *See id.* ¶¶ 46–47.

Plaintiffs moved to remand the case to state court on May 10, 2024. UBS opposes the MTR (*see* Opposition to MTR ("MTR Opp.") [Doc. # 32]) and Plaintiffs have filed their reply in support of the MTR. *See* "MTR Reply" [Doc .# 36]. UBS filed its MTD on May 16, 2024. The MTD is fully briefed. [Doc. ## 35, 37.] On June 12, 2024, the Court took the MTD and MTR under submission.

## II.
## MOTION TO REMAND

Plaintiffs argue that now that they have named Geller as a defendant and deleted the class action claims that relate to First Republic stock, the Court lacks jurisdiction over this action, which should be remanded. In response, UBS asserts that (1) Geller has been fraudulently joined to defeat diversity jurisdiction and (2) the Court continues to have jurisdiction pursuant to SLUSA. MTR Opp. at 6–8.[1]

### A.   Legal Principles

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*).

---

[1] Citations to the record are to the CM/ECF pagination, except as noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-2975-DMG (MARx) | Date | October 23, 2024 |
| Title | Richard Agay, et al. v. UBS Financial Services Inc., et al. | Page | 3 of 6 |

"A defendant may remove 'any civil action brought in a State court of which the district courts . . . have original jurisdiction.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting 28 U.S.C. § 1441(a)). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Id.* (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). A defendant who asserts fraudulent joinder bears a heavy burden, as there is both a strong presumption against removal jurisdiction and a general presumption against fraudulent joiner. *Hunter*, 582 F.3d at 1046. Fraudulent joinder must be proven by clear and convincing evidence. *Grancare*, 889 F.3d at 548.

**B.      Diversity Jurisdiction**

UBS relies on the second way to establish fraudulent joinder set forth in *Grancare*. *See* MTR Opp. at 5. Their argument appears to be that the FAC is confusing as to which claim or claims are brought against Defendant Geller and that the timing of the FAC's filing indicates an ulterior motive to destroy federal diversity jurisdiction. *Id.*

UBS fails to show there is no possibility of recovery against Geller. *See Grancare*, 889 F.3d at 549 (cataloging cases setting forth this standard and explaining that "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). Although the FAC is not a model of clarity, it alleges that Geller was Plaintiffs' financial advisor, he regularly advised Plaintiffs with respect to their investment purchases, they purchased the First Republic shares based on his advice, he said their fears about the financial industry were "unfounded" when another bank was shut down, and he should have, but did not, warn Plaintiffs they were overly invested in First Republic preferred stock. A "confusing[]" complaint is not one without a possibility of recovery, and UBS fails to point to any case law or statute under which Plaintiffs could not possibly prevail against Geller. *See Grancare*, 889 F.3d at 548.

As for arguments that the timing of amending the complaint to add a defendant indicates an intent to avoid diversity jurisdiction, the Court is not persuaded. *See, e.g., Hayes v. FCA US LLC*, No. CV 20-3183-DMG (JCx), 2020 WL 2857490, at *2 (C.D. Cal. June 2, 2020) ("Plaintiffs'

| | | |
|---|---|---|
| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk DD |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-2975-DMG (MARx) | Date | October 23, 2024 |
| Title | Richard Agay, et al. v. UBS Financial Services Inc., et al. | Page | 4 of 6 |

subjective intent in joining Red Bluff —whatever it may have been—has no impact on the Court's fraudulent joinder analysis. As a rule, the fraudulent joinder analysis does not implicate a plaintiff's subjective intent in bringing suit against a non-diverse defendant." (internal citation and quotation marks omitted)).  The Court turns next to UBS' arguments that rely on SLUSA.

    **C.**    **Federal Question Jurisdiction—SLUSA**

SLUSA, enacted to avoid plaintiffs' circumventing the Private Securities Litigation Reform Act ("PSLRA") by filing private securities class actions in state court, authorizes the removal and federal preclusion of some state court securities class actions.  See 15 U.S.C. § 78bb(f)(2).  Generally, SLUSA applies if the action is—

> (1) a "covered class action" (2) "based upon the statutory or common law" of any state (3) being maintained by "any private party," and if the action alleges (4) either "an untrue statement or omission of material fact" or "that the defendant used or employed any manipulative or deceptive device or contrivance" (5) "in connection with the purchase or sale" (6) of a "covered security."

*Madden v. Cowen & Co.*, 576 F.3d 957, 965 (9th Cir. 2009) (quoting 15 U.S.C. § 77p(b)).

Omitted from the FAC are any class allegations arising from alleged misconduct or negligence related to First Republic securities.  Although some class-based allegations remain, they pertain solely to alleged misrepresentations in the sale of treasury bills.  See FAC ¶¶ 42–55.

UBS argues that the motion to remand should be decided on the basis of the original complaint's allegations and not those in the FAC.  They cite the Ninth Circuit's statement that "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing."  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010).  But *United Steel* is a case about whether the federal court was divested of jurisdiction under the Class Action Fairness Act ("CAFA") following the denial of a class certification motion.  It concerns neither SLUSA nor the impact of an amended complaint that drops class allegations that implicate SLUSA.

In fact, the Ninth Circuit has endorsed a procedure in which a district court remands a case to state court after amendment drops the SLUSA-related claims.  In *United States Mortgage, Inc. v. Saxton*, the Ninth Circuit observed it had yet to decide whether SLUSA allowed amendment of a complaint in a removed action and noted the general rule that a plaintiff "may not compel remand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-2975-DMG (MARx) | Date | October 23, 2024 |
| Title | Richard Agay, et al. v. UBS Financial Services Inc., et al. | Page | 5 of 6 |

by amending a complaint to eliminate the federal question upon which removal is based." 494 F.3d 833, 842 (9th Cir. 2007) (internal citation and quotation marks omitted), *abrogated on other grounds by Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1228 (9th Cir. 2009) (holding SLUSA requires remand once a federal court dismisses SLUSA-precluded claims). Nevertheless, the court cited with approval a case in which a district court allowed amendment of the complaint to omit claims that fell under SLUSA and then remanded the resulting state-law action. *Id* at 842–43. *Saxton* held that "[i]n light of the statutory silence on the issue in SLUSA, the existence of competing policy rationales, and the fact that the granting or denial of leave to amend is ordinarily a matter left to the discretion of the district court, we hold that SLUSA does not prohibit amendment of the complaint after removal" to omit SLUSA-covered claims. *Id*. at 843.[2]

UBS argues alternatively that treasury bills are "covered securities," so that the Court has jurisdiction on the basis of the treasury-bill related claims. A "covered security" is one traded nationally and listed on a regulated national exchange or one issued by a registered investment company. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 83 (2006) (internal citation omitted); *see also Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 998 (C.D. Cal. 2002) (citing 15 U.S.C. § 77r(b)(1)–(2)). Notwithstanding its burden on the MTR, UBS does not cite to any caselaw or other authority that conclude treasury bills are covered securities or provide any reasoned explanation of why this would be the case.[3]

The cases cited by UBS on this point are readily distinguishable, as they involve claims that arose from misrepresentations about *covered securities*. The complaint in *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter* alleged the defendant engaged in an unfair and deceptive business practice when it misrepresented to consumers that it would deposit funds to be used to purchase certificates of deposit ("CDs") *in a money market account*, where the funds would earn interest at a money market rate. 199 F. Supp. 2d 993, 999 (C.D. Cal. 2002). Although CDs were not "covered securities" under SLUSA, money market mutual funds were. *Id*. at 1000. Similarly, in *Lasley v. New England Variable Life Ins. Co.*, the complaint included claims that arose based on both covered securities (variable life insurance policies) and non-covered securities (ordinary life insurance policies). 126 F. Supp. 2d 1236, 1239 (N.D. Cal. 1999). These cases are not helpful here because the claims about the treasury bills are separate from and do not incorporate any allegations about misrepresentations concerning First Republic stock. UBS has not borne its burden of demonstrating that the FAC includes class allegations that involve covered securities.

---

[2] Following *Saxton*, the court went so far as to require that after dismissing a SLUSA-precluded claim, a district court must remand the remaining state-law claims. *Proctor*, 584 F.3d at 1228–29.

[3] In its MTD, UBS cites case law about treasury bonds but does not explain how treasury *bonds* are similar to treasury *bills*. *See* MTD at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-2975-DMG (MARx) | Date | October 23, 2024 |
|---|---|---|---|
| Title | *Richard Agay, et al. v. UBS Financial Services Inc., et al.* | Page | 6 of 6 |

### III. CONCLUSION

In light of the foregoing, the Court **GRANTS** the motion to remand, **DENIES** the motion to dismiss and the request for ruling as moot, and **REMANDS** this action to the Los Angeles County Superior Court.

**IT IS SO ORDERED**.